UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONALD MINIKEN, | |
| Plaintiff/Counter Defendant, | |
| v. | C13-104 TSZ |
| UNITED STATES OF AMERICA, | ORDER |
| Defendant/Counter Claimant. | |

THIS MATTER comes before the Court on the United States' motion for summary judgment, docket no. 12. Having considered the motion, and all briefs filed in support of and opposition thereto,[1] the Court enters the following Order.

**Background**

This case arises due to the failure of Prisoners Legal News ("PLN") to properly withhold and pay federal taxes for the years 2004 and 2005, with an amount of $25,140.89 still outstanding. Plaintiff Donald Miniken worked for PLN between March, 2001 and March, 2010. Miniken Decl., docket no. 13-1, at ¶ 2; Miniken Dep., docket no. 12-1, 14:9-16. A few months after he began work, Plaintiff became an officer of PLN

---

[1] The United States requests that the Court exclude certain hearsay statements contained in Plaintiff's factual recitation. Reply, docket no. 14, at 2. The objectionable materials are irrelevant to the Court's determination, and the Court STRIKES the motion as moot.

ORDER - 1

and over time he held titles of Executive Director, President, and Treasurer.  Miniken Dep. at 14:9-16.  Plaintiff was responsible for overseeing the bookkeeping at PLN throughout his tenure there.  Id. at 10:9-20.  Plaintiff had the authority to hire and fire employees, order office supplies, enter into contracts on behalf of PLN, open and close bank accounts, authorize deposits, and prepare federal payroll tax returns.  Id. at 26:21-28:6.  He was also the only person at PLN authorized to use the checkbook.  Id. at 38:1-12.  Plaintiff had authority to sign small checks on his own, and Plaintiff would direct his mother, Josephine Wigginton, to co-sign with him on checks written for larger amounts.  Id. at 56:5-24.

Plaintiff was aware that PLN had a duty to withhold wages and knew beginning in 2001 that PLN was not properly paying taxes.  Id. at 41:5-10, 42:20-24.  Plaintiff made payments to other parties and paid other bills, despite being aware that federal taxes were not being paid.  Id. at 42:25-43:3.  Plaintiff testified that Paul Wright, co-founder of PLN, made the decision not to pay the taxes.  Id.  Mr. Wright was in prison at the time Plaintiff took over running PLN, and was released in late 2004 or 2005.  Miniken Decl. at ¶¶ 5, 10; Minkien Dep. at 23:6-7.  Plaintiff asserts that Mr. Wright "controlled everything" related to PLN.  Minkien Dep. at 18:20-21.  Plaintiff testified that PLN had sufficient funds to pay its outstanding taxes during the time period at issue, but he did not pay the taxes because he was directed not to.  Id. at 71:8-72:20.[2]

---

[2] Plaintiff argues that although PLN had money at various times, as a non-profit PLN could not have used grant money for non-designated purposes.  Plaintiff's Response, docket no. 13, at 9.  Plaintiff fails to submit any evidence of legal restrictions on PLN's funds.  Furthermore, Plaintiff

ORDER - 2

Plaintiff testified that in 2001, he was visited by a prison associate of Mr. Wright's named James Smith.  Id. at 60:12-22.  Plaintiff knew that Mr. Smith had served time in prison for murder and he was scared to meet Mr. Smith.  Id. at 62:3-12.  Mr. Smith did not say anything that gave Plaintiff the impression that Mr. Smith intended to harm Plaintiff, but told Plaintiff that Mr. Wright had run PLN for a long time and that Plaintiff should do what Mr. Wright wanted him to do.  Id. at 62:1-21.  Although Plaintiff was concerned about the visit, he did not call the police, because "no one said nothing to [him] personally."  Id. at 63:8-12.

Plaintiff admits that he would have been the only person in charge of withholding and paying the taxes if Mr. Wright had not directed him to not pay the taxes.[3]  Id. at 30:12-24.  Plaintiff knew the taxes were due, and wanted to get the situation straightened out in 2005, but claims Mr. Wright had other plans for the money and "vetoed" Plaintiff's suggestion to pay taxes.  Id. at 22:8-19.  Plaintiff began diligently taking care of PLN's taxes in 2007, because "[t]he IRS [was] calling every day," even though Mr. Wright became upset with Plaintiff for paying the taxes.  Id. at 29:4-14.

The IRS made assessments against PLN for the time period at issue, and when the taxes remained unpaid, the IRS notified Plaintiff of proposed assessments against him personally under 26 U.S.C. § 6672.  Harrington Decl., docket no. 12-3, Ex. 9.  Plaintiff

---

testified that PLN received a $100,000 settlement in 2005, Miniken Dep. at 72:7-8, which would have been sufficient to pay the required taxes.

[3] Mr. Wright paints a very different picture of the tax payment situation, testifying that it was Plaintiff who made the decision not to pay taxes despite Mr. Wright's direction to pay them as soon as possible.  Wright Dep., docket no. 13-2, at 31:4-16.  For summary judgment purposes, the Court accepts Plaintiff's version of the facts.

ORDER - 3

filed suit seeking refund of amounts collected by the IRS toward the assessments and an order to abate the unpaid portion. Complaint, docket no. 5. The United States filed a counterclaim, seeking judgment against Plaintiff for the outstanding assessment amount. Answer, docket no. 6.

## Discussion

### A. Standard of Review

Summary judgment is appropriate when there is no genuine dispute as to material facts and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A fact is material if it may affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To survive a motion for summary judgment, the adverse party must present "affirmative evidence," which "is to be believed" and from which all "justifiable inferences" are to be favorably drawn. Id. at 255, 257. When the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, summary judgment is warranted. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

### B. Statutory Background

Employers are required to withhold federal social security and individual income taxes from employees' wages and remit the amount withheld to the Treasury. See 26 U.S.C. §§ 3102(a), 3402(a). An individual may incur personal liability for unpaid taxes under 26 U.S.C. § 6672(a):

ORDER - 4

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

Personal liability is only imposed if "the individual (1) was required to collect, truthfully account for, and pay over the withholding taxes (commonly known as a "responsible person") and (2) willfully failed to meet one or more of these obligations." Nakano v. United States, 742 F.3d 1208, 1211 (9th Cir. 2014) (quotations omitted).  The government bears the initial burden of proof, which is satisfied if the government introduces evidence of the tax assessment under section 6672.  Id.  The burden then shifts to the taxpayer to prove that he is not liable.  Id.

Here, Plaintiff argues that he is not liable because he was not a "responsible person" within the meaning of section 6672 and that, even if he was, his failure to pay taxes was not willful because he acted under duress.

**C. Responsible Person**

A person's responsibility is a matter of status, duty, and authority.  Purcell v. United States, 1 F.3d 932, 937 (9th Cir. 1993) (quoting Davis v. United States, 961 F.2d 867, 873 (9th Cir. 1992)).  Liability is not restricted to the single person who is most responsible, but rather "attaches to all those under the duty set forth in the statute." Id. (quoting Thomsen v. United States, 887 F.2d 12, 17 (1st Cir.1989)).  An individual is a responsible person if he "had the authority required to exercise significant control over

ORDER - 5

the corporation's financial affairs." Id. Furthermore, "[i]nstructions from a superior not to pay taxes do not ... take a person otherwise responsible under section 6672(a) out of that category." Brounstein v. United States, 979 F.2d 952, 955 (3d Cir. 1992). "More than one individual may be a responsible person within a given entity under section 6672(a)." Id.

Here, Plaintiff argues that he is not a responsible person because Mr. Wright is the one and only responsible party. Plaintiff's Response, docket no. 13, at 7. However, whether Mr. Wright is a responsible person is irrelevant to the Court's determination of whether Plaintiff is also a responsible person within the meaning of section 6672. Plaintiff does not dispute that he ran PLN and that as part of his duties he hired and fired employees, signed checks, managed finances, and entered into contracts on behalf of PLN. Furthermore, Plaintiff does not dispute that, if not for Mr. Wright's instructions, Plaintiff would have been solely responsible for preparing tax returns and paying taxes. Finally, Plaintiff does not dispute that, after pressure from the IRS, Plaintiff chose to pay the taxes over Mr. Wright's objections. Given all of these undisputed facts, the Court concludes that Plaintiff is a responsible person under section 6672.

The only case cited by Plaintiff, Mahler v. United States, supports this conclusion. In Mahler, the court found three of the four plaintiffs involved in a family business to be responsible persons. Mahler v. United States, 121 F. Supp. 2d 179, 193-194 (D. Conn. 2000). The Mahler court stated that a responsible person must have "significant, as opposed to absolute, control of the corporation's finances," and that [s]ignificant control may also be shared by several people within a company, all of whom may be found liable

ORDER - 6

for a withholding tax delinquency." Id. at 184.  The court, looking at the actual role played by each of the four family members, held that the corporations' president (mother), vice-president (older son), and non-officer consultant (father) were liable under section 6672, while finding that the corporation's secretary (younger son) was not a responsible person under the statute.  Id. at 193-194.

Similarly here, even if Mr. Wright exercised significant control over PLN's finances, analyzing Plaintiff's role at PLN shows that he had significant control of the corporation's finances.  Although Plaintiff did not have absolute control of PLN's finances, this does not negate Plaintiff's responsibility under section 6672.

**D. Willful Withholding**

"Willfulness, within the meaning of section 6672, has been defined as a voluntary, conscious and intentional act to prefer other creditors over the United States." Davis v. United States, 961 F.2d 867, 871 (9th Cir. 1992) (quotation omitted).  An action may be willful without any intent to defraud the government or bad motive, and "conduct motivated by a reasonable cause may nonetheless be willful." Id.

Plaintiff urges the Court to follow the reasoning of Finley v. United States, a Tenth Circuit case recognizing a reasonable cause exception to liability under section 6672. 123 F.3d 1342, 1348 (10th Cir. 1997).  The Finley court acknowledged that it was departing from its sister circuits that had rejected a reasonable cause exception, id. at

///

///

///

ORDER - 7

1346, and as stated in Davis the Ninth Circuit does not recognize such an exception.[4]

Plaintiff argues that his actions should not be deemed willful because they were taken under duress, but he offers no case in which any court recognized duress as a defense to liability under section 6672.  The only case cited by the parties is In re Kontaratos, 35 B.R. 135 (Bankr. D. Me. 1983).  In that case, debtors Peter and Valerie Kontaratos argued that they should not be held liable under section 6672 because one of their investors, Nick Giacomino, prevented them from paying taxes.  Id. at 138.  The debtors alleged that Giacomino terrorized them, took money from the register, and that threats were made to the debtors' physical safety.  Id. at 137-138.  The bankruptcy court held that the debtors could not refute their responsibility by claiming that Giacomino would not let them pay.  Id. at 140.  The court also held that the debtors' actions were willful because they knew the taxes were not being paid and continued to pay other creditors.  Id. at 141.  Similarly here, Plaintiff knew the taxes were not being paid, continued to pay other creditors, and cannot escape liability by arguing that Mr. Wright

///
///
///
///

---

[4] Plaintiff also urges the Court to consider the reasonable cause analysis of East Wind Indus. v. United States, 196 F.3d 499 (3d Cir. 1999).  That case analyzed a different statutory provision, section 6651, which contains a reasonable cause exception to the penalty.  No such provision exists in section 6672.

ORDER - 8

would not let him pay the taxes.[5]  Plaintiff's actions were voluntary, conscious, and intentional, and therefore willful within the meaning of section 6672.

**Conclusion**

For the foregoing reasons, the Court holds that Plaintiff was a responsible person who acted willfully and is liable under 26 U.S.C. § 6672.  The United States' motion for summary judgment, docket no. 12, is GRANTED as follows: (1) Plaintiff's claim for refund of taxes paid and abatement of taxes assessed is DISMISSED with prejudice and (2) the United States is entitled to judgment against Plaintiff on its counterclaim, in the amount of $25,140.89 plus statutory interest.  The Clerk is DIRECTED to enter judgment consistent with this Order and to close the case.

IT IS SO ORDERED.

DATED this 17th day of July, 2014.

THOMAS S. ZILLY
United States District Judge

---

[5] Even if the Court were to recognize duress as a defense to willfulness under section 6672, Plaintiff has failed to raise a genuine issue of material fact regarding whether he acted under duress.  Plaintiff argues that Mr. Wright had a reputation "of intimidation by suit or worse" and that "when the people making the insinuations have criminal histories for serious violent crimes where people died, the threat is much more real," Plaintiff's Response at 8, but Plaintiff provides no evidence of threats or intimidation against Plaintiff.  The only evidence Plaintiff presents of duress is a 2001 conversation with Mr. Smith, several years before the tax quarters at issue, during which no threats were made and Plaintiff was simply told that he should do whatever Mr. Wright wanted him to do.  Plaintiff felt that Mr. Wright was in charge at PLN, and when Mr. Wright "vetoed" Plaintiff's suggestion to pay taxes, Plaintiff continued to pay other creditors instead of paying the taxes.  Plaintiff has presented no evidence taking this case outside of the realm of someone acting under the orders of a supervisor, an excuse which does not negate willfulness.